**STATE of Maine**

v.

**William H. CARVELLE.**

Supreme Judicial Court of Maine.

April 21, 1972.

John R. Atwood, Asst. Atty. Gen., Augusta, for plaintiff.

Richardson, Hildreth, Tyler & Troubh by William B. Troubh, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

On appeal. William H. Carvelle was indicted for violating the provisions of 22 M.R.S.A. § 2384,[1] tried and convicted. The points of appeal fall into four categories which will be discussed separately.

The jury heard testimony from a member of the Maine State Police, who recited the circumstances underlying his purchase of Cannabis from the appellant. This was analyzed with positive results at the State Laboratory. There was no defense testimony.

*Point I*

The results of the testing at the State Laboratory came from a witness whose qualifications were challenged by the appellant. The Justice below allowed him to testify that the substance turned over to him for analysis by the officer was, in fact, Cannabis, or marijuana.

The State's witness had graduated from Bates College where he minored in chemistry. Before being accepted for employment by the State he was required to pass a chemical qualification test. Previously he had been employed privately as a laboratory technician and had involved himself with certain types of chemical testing. At the time of the trial he had been employed by the State in its chemical laboratory for ten years, during which time he had worked under the supervision of a State chemist and had learned the technique usually employed to detect the presence of Cannabis. His work experience in this connection had required him to analyze several hundred substances suspected to be Cannabis and he had reached positive results in approximately two-thirds of these tests.

We note that this witness utilized established chemical procedures as opposed to formulating methods of chemical analy-

---

1. § 2384 provides in part: "Whoever sells . . . Cannabis [marijuana] . . . to any person shall upon conviction thereof be punished by a fine of not more than $1,000 or by imprisonment for not more than 5 years, or by both. . . . "

sis. He had acquired, by training and experience, the ability to make use of a standardized chemical procedure (Duquenois test) by which Cannabis is identified. There was no evidence that the Duquenois test was not a valid chemical method of identifying Cannabis, or that the witness improperly used it. The Justice below properly admitted this testimony.

> "Expert testimony is admissible when experience and observation in a special calling gives the expert knowledge of a subject beyond that of persons of common intelligence and ordinary experience . . . . An expert has been defined as a person who is qualified, either by *actual experience* or by careful study, and may be competent to testify as an expert in proper circumstances although his knowledge was acquired through *practical experience* rather than scientific study, training or research. . . . There is no precise requirement as to the mode in which skill or experience shall have been acquired." People v. Oberlander (1969), 109 Ill.App.2d 469, 248 N.E. 2d 805, 807. (Emphasis supplied.) *See also* State v. Campisi, (1956) 42 N.J.Super. 138, 126 A.2d 17, 22.

### Point II

The appellant urges that the Cannabis should not have been admitted in evidence because, on two occasions, there had been a break in the continuity of possession between its purchase and its admission as an exhibit.

■ In the brief the appellant argues that because the officer left the substance in his automobile while making a telephone call from a pay station, it was no longer in his possession. Because the record fails to indicate this objection to the admissibility of the exhibit, we do not consider it properly before us. M.R.Crim.P., Rule 51. However, there would have been no merit in this objection had it been seasonably raised because the record is clear that the Cannabis was in his plain view at all times, and there was not the slightest suggestion that it had been tampered with during the

interval required to make the telephone call.

■ At the preliminary hearing in the District Court the Cannabis was used as an exhibit and the record does not show what, if anything, happened to it while it was being so used. We note, of course, that it had been tested in the laboratory *prior* to this hearing. Furthermore, there was no evidence that the exhibit was not properly protected during the short interval that it was in the custody of the District Court, a responsible agency of government. State v. Wardwell (1962), 158 Me. 307, 317–318, 183 A.2d 896, 902. There is no merit to this contention.

### Point III

Appellant requested the presiding Justice to give certain instructions dealing with the defense of entrapment. The Justice below refused to give the instructions in the form submitted to him.

The facts, unexplained and uncontradicted, are these: The officer, in plain clothes, went to the appellant's home on the evening preceding the sale, accompanied by a young lady who was acquainted with the appellant. During this visit it was indicated that the officer wished to buy marijuana. He was told to return the next morning. On arriving at the home the next morning he merely said "Hi" to the appellant, who left the room, and returned shortly with marijuana which was delivered to and paid for by the officer.

■ In the totality of his charge the Justice delineated to the jury the criteria of the defense of entrapment, which is:

> " 'Applicable in those cases where by some scheme, device, subterfuge, or lure the accused is induced to adopt and pursue a course of conduct which he would not have otherwise entered upon, and in such cases a conviction is against public policy.' " State v. Calanti (1946), 142 Me. 59, 64–65, 46 A.2d 412, 415.

In the context of entrapment the instructions of the Justice below included the ad-

monition that the mere willingness of a government agent to make an illegal purchase is no defense. State v. Calanti, *supra* at 64, 46 A.2d at 414. *See also* State v. Gellers (Me.1971), 282 A.2d 173.

A presiding Justice is not required to give instructions in precisely the same language as requested provided, on the facts of a given case, his instructions are complete and accurate. *See* State v. Whitehead (1955), 151 Me. 135, 143, 116 A.2d 618, 622, and cases there cited. Such was the case here.

### Point IV

The appellant did not elect to be a witness, nor did he introduce any defense evidence otherwise. At the conclusion of the testimony he moved for a judgment of acquittal, which was denied. His reason for the motion was because of the alleged errors which we have heretofore discussed under Points I, II and III. The Justice below correctly denied the motion.

The entry is

Appeal denied.

All Justices concurring.