**STATE of Maine**

v.

**Michael RYAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 13, 1990. Decided Dec. 3, 1990.

Jonathan Toof, Asst. U.S. Atty., Cynthia B. Baker, Law Student Intern, Portland, for plaintiff.

George Wood, Wood & Vanhouten, Sanford, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Michael Ryan appeals from judgments entered by the Superior Court (York County, *Delahanty, J.*) following his conviction on two counts of trafficking in cocaine. 17–A M.R.S.A. §§ 1103(1), 1103(2)(A), 1101(17), 1102(1)(F) (1983 & Supp.1990). Ryan contends that the Superior Court erred by denying his request for a jury instruction on the defense of entrapment. We find no error and affirm the judgments.

In August, 1988, the Maine Bureau of Intergovernmental Drug Enforcement ("BIDE") was conducting an undercover drug investigation in the Biddeford area. As part of the investigation, BIDE undercover agents frequented area bars playing the role of drug purchasers. On August 2, 1988, one of the agents, Gerard Brady, met a person named "Mike" (later identified as Michael Ryan) at the Stadium Bar in Biddeford. At the time he met Ryan, Agent Brady was accompanied by someone named Tom, a former acquaintance of Ryan. A conversation ensued during which Tom asked Ryan if he knew where he could get some cocaine. Ryan responded that he could get cocaine for Tom, and Brady then indicated that he was interested in buying some. While Brady and Tom waited, Ryan left the bar to get the cocaine. He returned without any because his supplier had none available at that time.

Three days later, Agent Brady again met with Ryan, this time at a bar in Old Orchard Beach. Brady gave Ryan a ride from Old Orchard Beach to the Stadium Bar in Biddeford. On the way, Ryan told Brady that he was unemployed and was selling cocaine to make money. Brady gave Ryan $100 to purchase some for him. Inside the Stadium Bar, Ryan handed Brady two packages containing a powder substance. Ryan followed Brady to his car and asked Brady for a line, stating that he normally gets a line or two in exchange for his services in supplying cocaine. After Ryan left, Brady field tested the substance and determined that it was cocaine. Brady then sent the packages to a laboratory for further testing which confirmed his field test results.

Agent Brady met with Ryan a third time in mid-August, once again at the Stadium Bar. Ryan approached Brady and stated that "the stuff floating around tonight is pretty good." Brady again gave Ryan $100 and Ryan produced two packages. As before, Ryan asked for a line. Brady told him there wasn't enough and offered him $10 which he accepted instead. Brady again field tested the substance, found it to be cocaine and then sent it to the laboratory for further testing which confirmed his results.

In November, 1988 Ryan was indicted by a York County grand jury on two counts of trafficking in cocaine. A jury trial commenced during which the Superior Court rejected Ryan's request for a jury instruction on the defense of entrapment. The jury returned guilty verdicts on both trafficking counts. The Superior Court entered judgments of conviction and Ryan appealed.

■ A defendant is entitled to an entrapment instruction whenever the record discloses evidence of entrapment of "such a nature and quality as to warrant a reasonable hypothesis that entrapment did occur." *State v. Bisson,* 491 A.2d 544, 548 (Me.1985). Typically, an entrapment situation is presented where government agents, working under cover, badger or beguile a suspect into violating the law. *Id.* at 547 (citing *Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932)). Once the issue of entrapment has been generated by the evidence, the State bears the burden of establishing beyond a reasonable doubt that government action did not induce the defendant to commit the crime or that the defendant was predisposed to commit the crime. *Id.* at 546.

■ In the present case, the record does not disclose any evidence of entrapment. This case arises out of a typical undercover drug investigation. Although Agent Brady concealed his true identity from Ryan and presented him with the opportunity to sell cocaine, the record makes clear that Agent

 

Brady did not in any way badger, beguile or repeatedly encourage Ryan to commit the crime. Agent Brady's actions do not constitute entrapment. *See State v. Allen,* 292 A.2d 167, 172 (Me.1972). Because the issue of entrapment is not presented on the facts of this case, the State is not obligated to establish non-inducement and predisposition.

The entry is:

Judgments affirmed.

All concurring.