STATE of Maine

v.

**Brion D. HOWARD.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 3, 1991.
Decided April 12, 1991.
Motion for Reconsideration Denied
May 24, 1991.

Janet Mills, Dist. Atty., Auburn, for appellant.

William Maselli, Andover, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

ROBERTS, Justice.

Brion D. Howard appeals from his conviction in the Superior Court (Androscoggin County, *Delahanty, II, J.*) of trafficking in cocaine, a schedule W drug, in violation of 17–A M.R.S.A. § 1103 (Supp.1990). Howard contends that the court erred in letting his jury trial continue after he voluntarily absented himself on the second day and in several other rulings. We affirm the judgment.

Howard and his wife were walking in Lewiston one evening when two agents of the Bureau of Intergovernmental Drug Enforcement, posing as construction workers, stopped their car and asked if Howard could "spare any coke." Howard immediately replied that he could sell them some. The Howards got into a car and eventually led the agents to a location where they sold the agents half a gram of cocaine. The Howards were arrested and brought to trial. They appeared at the first day of trial and the agents testified against them. On the second day of trial neither Howard nor his wife appeared. Their attorneys were unable to contact them at their home which was close to the courthouse. At the court's direction, inquiries were made at the local hospitals, police, and sheriff's department but neither defendant was located. An hour after proceedings were scheduled to resume the court made a finding that the absence was voluntary, denied a motion for continuance, and permitted the

trial to proceed. Several months after they were found guilty, Howard and his wife were apprehended in Massachusetts and returned to Maine for sentencing.

 Howard contends that the court abused its discretion in failing to balance a complex of issues, including the prejudice from Howard's own failure to testify, that required adjourning the trial to a new date. We disagree. The court had discretion to continue the trial following the defendant's voluntary absence. M.R.Crim.P. 43. We ordinarily review such a proceeding only to assure that the court has accorded the defendant due process. The court's duty is to conduct sufficient inquiry to justify a belief that the absence is voluntary, to make such a finding on a preliminary basis, and to afford the defendant an opportunity to explain his absence. *State v. Staples*, 354 A.2d 771, 776 (Me.1976). Nevertheless, Howard offered neither evidence nor even an allegation to refute the indications that he absconded from his trial. This failure is fatal to his technical argument that the court should have awaited his return to prevent prejudice. We find no basis to question the court's exercise of discretion in proceeding with the trial.

 Howard also contends that the court erred in failing to instruct the jury on a defense of entrapment. The evidentiary threshold that must be crossed to generate an entrapment issue is low. *State v. Bisson*, 491 A.2d 544, 548 (Me.1985). Howard, however, agreed to sell drugs as soon as he was asked and there is nothing to suggest that the agents did more than provide an opportunity for the sale. Because the evidence did not generate an issue of entrapment, the court properly omitted an entrapment instruction. *State v. Ryan*, 582 A.2d 1217, 1218–19 (Me.1990). Howard's remaining issues on appeal do not merit discussion.

The entry is:

Judgment affirmed.

All concurring.