STATE of Maine

v.

Adion DAVIS.

Supreme Judicial Court of Maine.

Submitted on Briefs April 29, 1991.

Decided May 31, 1991.

Michael E. Povich, Dist. Atty., Jill A. Culver, Asst. Dist. Atty., Machias, for plaintiff.

J. Hilary Billings, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Defendant Adion Davis appeals from his conviction of night hunting, Class D, 12 M.R.S.A. § 7406(5)(B) (1981),[1] in the Superior Court (Washington County, *Beaulieu, J.*). Contrary to defendant's contentions, we find that the court did not err in refusing to instruct the jury on the defense of entrapment, and we affirm the judgment.

The following facts are undisputed. At approximately an hour and a half after sundown on November 25, 1989, the last day of hunting season, defendant was riding in a pick-up truck, owned and operated by co-defendant Freeman Preston. After spending the day cutting evergreen boughs for wreaths, the two were driving home at approximately 45–50 miles per hour. Suddenly, defendant thought he saw a deer by the side of the road. Preston pulled the truck over, leaving the headlights aimed at the deer. Defendant fired Preston's rifle, hitting a plywood silhouette deer that game warden David Craven had placed there a half hour earlier. The warden arrested defendant and charged him with night hunting. At trial, defendant made an offer of proof regarding his intended defense of entrapment after the close of the State's evidence. In response, the court ruled that the issue of entrapment was not generated by the facts, and the jury would not be provided with an instruction on entrapment. Following jury instructions, the court acknowledged defendant's prior request for an entrapment instruction and reiterated the ruling that the facts had not generated the issue. The jury found defen-

1. "A person is guilty of night hunting if he ... [h]unts wild animals ... from ½ hour after sunset until ½ hour before sunrise the following day." 12 M.R.S.A. § 7406(5)(B).

dant guilty of night hunting. Defendant appeals.

 "[W]hen the issue of entrapment is properly generated by the evidence, the burden is upon the State to establish beyond a reasonable doubt the predisposition of the accused to commit the crime." *State v. Matheson,* 363 A.2d 716, 722 (Me. 1976) (footnote omitted). Thus, an entrapment instruction need not be given "unless the jurors have heard such evidence as would generate the issue ... in the minds of reasonable men and women." *State v. Inman,* 350 A.2d 582, 587 (Me.1976); *see also State v. Moore,* 577 A.2d 348, 350 (Me.1990). The evidentiary threshold required to generate the issue of entrapment is low. *See State v. Howard,* 588 A.2d 1203, 1204 (Me.1991). In *State v. Bisson,* we held:

> Even unsubstantial evidence of entrapment necessitates a jury charge on this defense. All that is necessary for the issue of entrapment to be generated is for the record to disclose evidence of entrapment of such nature and quality as to warrant a reasonable hypothesis that entrapment did occur. Once this is accomplished, the burden shifts to the State to prove the absence of entrapment beyond a reasonable doubt.

*State v. Bisson,* 491 A.2d 544, 548 (Me. 1985) (citations omitted); *see also State v. Ryan,* 582 A.2d 1217, 1218 (Me.1990). Whether there is sufficient evidence to generate the issue is a question of law for the determination of the court. *See State v. Inman,* 350 A.2d at 587; *State v. Millett,* 273 A.2d 504, 510–11 (Me.1971). If there is *any* rational support in the evidence for the defense of entrapment and the court fails to instruct the jury on that defense, it has committed reversible error. *See State v. Bisson,* 491 A.2d at 546.

██ Entrapment has two elements: (1) " 'government action must have induced the defendant to commit the crime,' " and (2) " 'the defendant must not have been predisposed to commit the crime.' " *Id.* at 547 (quoting *State v. Farnsworth,* 447 A.2d 1216, 1218 (Me.1982). Entrapment occurs whenever a government agent badg-

ers or beguiles a suspect into violating the law. *State v. Ryan,* 582 A.2d at 1218. In *Howard* and *Ryan,* we held that the evidence did not generate the issue of entrapment. *See State v. Howard,* 588 A.2d at 1204; *State v. Ryan,* 582 A.2d at 1219. In each of these cases, the defendant agreed to sell cocaine to government agents as soon as they asked for it. Although the agents had concealed their true identity, the court found that they did not "badger, beguile or repeatedly encourage [the defendant] to commit the crime." *Id.* They merely provided an opportunity for the sale. *See id.; State v. Howard,* 588 A.2d at 1204.

 Although the conduct of the warden in this case presents analytical difficulties, we conclude that he did nothing more than provide an opportunity for the commission of the offense. Defendant was deceived by the decoy, but his response to that stimulus was his own. The warden did nothing to influence defendant's conduct in firing the weapon and committing the offense.

The evidence in this case did not generate a reasonable hypothesis that entrapment occurred. The Superior Court did not err in failing to instruct the jury on the entrapment defense.

The entry is:

Judgment affirmed.

All concurring.