STATE of Maine

v.

Larry BUTLER.

Supreme Judicial Court of Maine.

Submitted on Briefs March 4, 1996.

Decided April 26, 1996.

---

R. Christopher Almy, District Attorney, Jeffrey M. Silverstein, Assistant District Attorney, Bangor, for the State.

Laurie Anne Miller, Ferris, Dearborn & Willey, Bangor, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Larry Butler appeals from judgments of conviction entered in the Superior Court (Penobscot County, *Kravchuk, J.*) on jury verdicts finding him guilty of aggravated assault, 17–A M.R.S.A. § 208 (1983), assault, 17–A M.R.S.A. § 207 (1983 & Supp.1995), and burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1995). Butler contends that the court erred in finding that his disappearance in the middle of the trial was voluntary and abused its discretion in denying a motion for a continuance. Butler also contends that the court (*Browne, A.R.J.*) erred in denying his motion to suppress. We affirm the judgments.

On Monday, the fourth day of trial, Butler failed to appear in court and has not been seen since. An investigation into his absence revealed the following: Butler's landlady last saw him on Friday; his belongings were still in his motel room; he did not answer his phone on Saturday; and he had not worked since before the trial. A friend drove him to his motel after court on Friday and then drove him to a store to get a shirt for his court appearance on Monday. Butler declined his friend's offer to drive him back to the motel, stating that he had a double shift at work that night. Butler told his friend that he would see him on Monday and that he was thinking about "copping a plea." Butler's friend described Butler's demeanor on Friday as angry and distraught, and that Butler had called everyone "a bunch of liars and thieves."

In Butler's absence his counsel filed a motion for a continuance, and the court recessed until 1:30 p.m. When the court reconvened Butler's counsel introduced the testimony of Butler's friend and a neuropsychologist. The friend stated that he had overheard a man threaten Butler outside the courtroom on the first day of trial. In the doctor's opinion Butler could not voluntarily, intelligently, and knowingly waive his right to be present in court because of his inability to resist his impulses and to fully appreciate the consequences of his behavior. The court also considered the report of Butler's court ordered mental examination and his demeanor during the trial.

The court found that Butler's absence was voluntary, denied the motion for a continuance, issued a warrant for Butler's arrest, and allowed the trial to continue. Following the jury verdicts Butler was sentenced to 12 years for the burglary, 8 years for the aggravated assault, and 364 days for the assault, all to be served concurrently.

■ M.R.Crim.P. 43 acknowledges a defendant's constitutional right to be present at the trial and generally imposes a legal obligation on the defendant to be present at every stage of the trial.[1] *State v. Rossignol,* 654 A.2d 1297, 1298 (Me.1995); *see generally*

---

1. M.R.Crim.P. 43 states in relevant part:

    The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury, and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for any offenses the defendant's voluntary absence after the trial has been commenced in the defendant's presence shall not prevent continuing the trial to and including the verdict and imposition of sentence.... In prosecutions for offenses punishable by fine or by imprisonment for less than one year, or both, the court may permit arraignment, plea, trial and imposition of sentence of a represented defendant in the defendant's absence.

2 Cluchey & Seitzinger, *Maine Criminal Practice* §§ 43.1–43.3 (1994). The defendant does not have a right to be absent from any stage of the trial. *Rossignol,* 654 A.2d at 1298. Rule 43 authorizes that in all criminal cases the defendant's voluntary absence after the trial has begun does not prevent the trial's continuation. *See State v. Howard,* 588 A.2d 1203, 1204 (Me.1991). The rationale is that a defendant should not be allowed to obstruct the trial's progress by absconding when the trial appears to be going badly. *State v. Barrett,* 577 A.2d 1167, 1173 (Me.1990). By voluntarily being absent from the trial, the defendant waives his constitutional right to be present. 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 43.4 at IX–11 (1994).

■ In determining whether to continue the trial without the defendant the court has a duty to: (1) make a sufficient inquiry into the circumstances of a defendant's absence to justify a finding that the absence is voluntary, (2) make such a finding on a preliminary basis, and (3) allow the defendant an opportunity to explain his absence. *Howard,*

588 A.2d at 1204. In the instant case the court followed the appropriate procedure and did not abuse its discretion in proceeding with the trial in Butler's absence.

Prior to trial the court denied Butler's motion to suppress any statements he made. Contrary to Butler's contentions the court's findings that Butler knowingly, intelligently, and voluntarily waived his rights as set forth in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that the statements he made were voluntary are not clearly erroneous. *State v. Leone,* 581 A.2d 394, 397 (Me.1990).

The entry is:

Judgments affirmed.

All concurring.