711 A.2d 205

Eric PINKNEY

v.

STATE of Maryland.

No. 88, Sept. Term, 1997.

Court of Appeals of Maryland.

June 15, 1998.

202

Joy L. Phillips, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for appellant.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and DALE R. CATHELL, Judge, Specially Assigned.

RAKER, Judge.

In this criminal case, Appellant Eric Pinkney, a *pro se* defendant, was tried and convicted in a jury trial *in absentia*, having failed to appear at the scheduled time and place of

trial. We conclude that the trial judge erred in finding that Pinkney waived his right to be present at trial and, accordingly, we shall reverse the judgment of the circuit court.

### I.

Pinkney was convicted of theft in violation of Maryland Code (1957, 1996 Repl.Vol., 1997 Supp.), Article 27, § 342.[1] At trial, the State produced a single witness, Darin Young. Young was an employee of the Music Liberated store located at the intersection of Park Avenue and Saratoga Street in Baltimore City.

Young testified that at 3:00 p.m. on May 20, 1996, he was performing his regular sales duties at Music Liberated when Pinkney entered the store. Pinkney lingered in the store for 15 minutes, and Young became suspicious when Pinkney pulled a compact disc from an inventory case and "cuffed it in his hands and pulled it close to his body." Young then retrieved two compact discs from inside Pinkney's sweat pants.

As a result of this incident, the State filed a criminal information charging Pinkney with a single count of theft of property having a value of less than $300 in violation of Article 27, § 342. Released on his own recognizance, Pinkney signed a form informing him of his right to counsel, and he was advised by the District Court Commissioner that his trial would commence July 2, 1996, in the District Court of Maryland, sitting in Baltimore City.

On July 2nd, Pinkney appeared in the District Court before Judge Martin A. Kircher, who granted Pinkney a continuance for the purpose of obtaining counsel. The "PRE-TRIAL DOCK-ET" form signed by Judge Kircher indicates the following: that Pinkney was advised of the right to, and the importance of, counsel; that Pinkney was advised that his next appearance without counsel could result in a waiver of that right;

---

1. All statutory references shall be to Maryland Code (1957, 1996 Repl. Vol., 1997 Supp.), Article 27.

and that Pinkney was advised of the nature of the charge and the potential consequences flowing therefrom. Because Pinkney prayed a jury trial, the case was rescheduled in the Circuit Court for Baltimore City on August 14, 1996. On August 14th, Pinkney appeared in the circuit court, again without counsel. The trial judge found that Pinkney waived his right to counsel by inaction. Nonetheless, the circuit court once more continued Pinkney's case until October 1, 1996. At the conclusion of the August 14th proceeding, the trial judge both informed Pinkney of the October 1st trial date and advised Pinkney, "You don't get any [more] postponements to get a lawyer." The docket entries reflect that Pinkney was served with notice of the new trial date.

On October 1st, Pinkney's case was called for trial, but he was not present. At that time, the court ascertained that Pinkney was not incarcerated. At a bench conference, the prosecutor expressed concern that Young might not appear as a witness in the future, and suggested, "I think 1 can wrap it up in like 30 to 45 minutes as a trial *in absentia.*" The circuit court agreed to try Pinkney *in absentia* before a jury later that afternoon.

At 2:40 p.m. on October 1st, the circuit court called Pinkney's case for trial, and proceeded to try him in his absence, and, because Pinkney was *pro se,* without an attorney present. The State took 70 minutes to empanel a jury and present its case. After the jury had retired to deliberate, the prosecutor approached the bench, and, apparently in reference to trying Pinkney *in absentia,* engaged in the following colloquy with the trial judge:

[PROSECUTOR]: I don't think I'll ever suggest that again. That's the weirdest thing, I think.

THE COURT: We do it all the time.

[PROSECUTOR]: Oh, it's weird.

THE COURT: I've done it before.

After 25 minutes of deliberation, the jury found Pinkney guilty on one count of theft of property having a value of less than

$300. The trial judge then issued a bench warrant for Pinkney's arrest.

On March 18, 1997, Pinkney, now represented by counsel, appeared before the same judge in the circuit court. The trial judge informed Pinkney that a jury, on October 1, 1996, had convicted him in his absence of one count of theft under $300. At the March 18th proceeding, Pinkney's counsel attempted to explain Pinkney's absence during trial:

[DEFENSE COUNSEL]: Well, Your Honor, Mr. Pinkney was explaining to me that the reason why he missed his Court date was because he had a seizure and there was an ambulance that was called to his house, but he refused to go to the hospital, but he wasn't in the right frame of mind and—

THE COURT: Well, I'm sorry.

[DEFENSE COUNSEL]: And, he needed a postponement to get that verified.

THE COURT: Well, I'm sorry. He could have come late. He could have come the next day. He could have done something. . . . So, is he ready for disposition?

The court proceeded to sentencing, and asked Pinkney if he had anything to say before sentenced was imposed. Pinkney answered: "Yes, I would like to say that—can I get found guilty with a jury not being here? I wasn't at my jury trial." The judge responded by noting that Pinkney had "failed to come," and then sentenced Pinkney to a term of incarceration of one year.

Pinkney filed a timely notice of appeal to the Court of Special Appeals. Prior to consideration by the intermediate appellate court, we granted certiorari on our own motion.

## II.

■ Maryland has long recognized the right of a criminal defendant to be present at all stages of a trial. *Stewart v. State,* 334 Md. 213, 224, 638 A.2d 754, 759 (1994). As the United States Supreme Court observed, the right of a criminal defendant to be present at every stage of trial is "scarcely less

important to the accused than the right of trial itself." *Diaz v. United States,* 223 U.S. 442, 455, 32 S.Ct. 250, 254, 56 L.Ed. 500 (1912). The right to be present at trial is a common law right guaranteed by Article 5 of the Maryland Declaration of Rights, and is also "to some extent protected by the Fourteenth Amendment to the United States Constitution, and is guaranteed by Maryland Rule [4–231]." *Williams v. State,* 292 Md. 201, 211, 438 A.2d 1301, 1306 (1981); *see Bunch v. State,* 281 Md. 680, 683–84, 381 A.2d 1142, 1144 (1978).

The constitutional right of a defendant to be present at trial is rooted largely in the right to confront witnesses and is also protected in some situations by the Due Process Clause where the right of confrontation is not implicated. *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985); *Wildermuth v. State,* 310 Md. 496, 528, 530 A.2d 275, 291 (1987). The right to be present at trial implicates a panoply of rights and vindicates two primary interests: enabling the defendant to assist in the presentation of a defense, and ensuring the appearance of fairness in the execution of justice. *State v. Hudson,* 119 N.J. 165, 574 A.2d 434, 438 (1990); *see Brown v. State,* 272 Md. 450, 480, 325 A.2d 557, 573 (1974) ("Trials must . . . not only be fairly conducted but must . . . give every appearance of so being conducted."). As the Supreme Court of New Jersey observed in *Hudson:*

A defendant's right to be present at trial provides protections on both an individual and institutional level. It affords a defendant the ability to communicate with counsel during trial, assist in presentation of a defense, and in the process of cross-examination. It includes the independent right of a defendant to represent himself or herself at all stages of a criminal proceeding, if he or she elects to do so. Institutionally, the defendant's right to be present at trial ensures public confidence in the courts as instruments of justice.

*Hudson,* 574 A.2d at 438 (internal citations omitted); *see In re Cardinal,* 162 Vt. 418, 649 A.2d 227, 229 (1994).

The earliest cases decided by this Court construing the scope of the right to be present resolved questions involving the denial of a defendant's right to be present at specific

stages of a criminal trial. *See Hughes v. State*, 288 Md. 216, 221–27, 421 A.2d 69, 72–75 (1980) (reviewing cases); *La Guardia v. State*, 190 Md. 450, 456–60, 58 A.2d 913, 916–18 (1948); *Duffy v. State*, 151 Md. 456, 472–77, 135 A. 189, 195–97 (1926); *Dutton v. State*, 123 Md. 373, 386–90, 91 A. 417, 422–24 (1914). Formerly, a criminal defendant had the right to be present at all "stages of trial," and that right could neither be waived by counsel nor by the defendant's mere acquiescence. *Porter v. State*, 289 Md. 349, 352–53, 424 A.2d 371, 374 (1981). Because a criminal defendant's absence during a "stage of trial" ordinarily warranted reversal, earlier cases usually revolved around the crucial question of which procedural phases of the criminal litigation process were in fact "stages of trial." *Id.* at 353, 424 A.2d at 374; *see, e.g., Bunch*, 281 Md. at 684–88, 381 A.2d at 1144–46; *Brown v. State*, 225 Md. 349, 351–54, 170 A.2d 300, 301–02 (1961), *cert. denied*, 372 U.S. 960, 83 S.Ct. 1017, 10 L.Ed.2d 13 (1963).

In *Williams v. State*, 292 Md. 201, 217–20, 438 A.2d 1301, 1308–10 (1981), however, we prospectively modified the common law, and held that "[w]here the right of confrontation is not implicated, and where there is involved no other right requiring intelligent and knowing action by the defendant himself for an effective waiver," a defendant could ordinarily waive the right to be present, either through counsel or by inaction. *Id.* at 219, 438 A.2d at 1310. Yet, it is important to bear in mind that *Williams* modified the common law only with respect to the *waiver* of the right to be present; we explicitly declined to diminish the scope of the right itself. *Id.*

In *Barnett v. State*, 307 Md. 194, 512 A.2d 1071 (1986), we considered the decision of the trial court to try the defendant *in absentia* when the defendant absconded after the case had been called for trial, but before jury selection began the following day. *Id.* at 198–99, 512 A.2d at 1073–74. We approved the decision of the trial judge to try Barnett in his absence. We initially noted the trial court's efforts to ensure that Barnett's absence was in fact voluntary.[2] The judge had

---

2. Defense counsel told the court that his client was to have met him at 9:00 a.m. that morning in his office, and that at 9:15 a.m. that day,

his law clerk telephone 29 area hospitals to confirm that the defendant had not been admitted, and also indicated to defense counsel that, upon receiving any information that Barnett's absence was other than voluntary, the court would declare a mistrial. *Id.* at 199–200, 512 A.2d at 1074. Under these circumstances, we found no error in the trial court's determination that Barnett knowingly and voluntarily waived his right to be present at trial. *Id.* at 204, 512 A.2d at 1076.

In *Barnett*, we recognized that the defendant's waiver of the right to be present was not the only relevant component of a trial court's decision to try a defendant *in absentia:*

> Obviously a trial court which has concluded that a defendant is voluntarily absent is not compelled to conduct a trial in absentia. The court has a discretion to postpone the trial while awaiting return on a bench warrant.

*Id.* at 213, 512 A.2d at 1080–81. The *Barnett* court then listed various factors which the United States Court of Appeals for the Second Circuit had previously concluded were appropriate for the trial court to consider in deciding whether to proceed with a trial in the defendant's absence. *Id.* at 213, 512 A.2d at 1081 (citing *United States v. Tortora*, 464 F.2d 1202, 1210 (2nd Cir.), *cert. denied sub nom. Santoro v. United States*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972)). Finally, we warned courts against too hastily trying an absent criminal defendant, thus affecting "a waiver of rights that are to be carefully safeguarded." *Barnett*, 307 Md. at 213, 512 A.2d at 1081.

Recently, in *Walker v. State*, 338 Md. 253, 658 A.2d 239, *cert. denied*, 516 U.S. 898, 116 S.Ct. 254, 133 L.Ed.2d 179 (1995), this Court applied the principles of *Barnett* in reviewing the decision of the trial judge to try two defendants *in absentia* when the defendants had been informed of the trial date, and when their attorney was present but the defendants

---

Barnett had telephoned defense counsel's secretary and stated that he was on his way. Barnett again failed to appear in court the next day when his trial commenced at 9:35 a.m. *Barnett v. State,* 307 Md. 194, 198–99, 512 A.2d 1071, 1073–74 (1986).

failed to appear in court on the trial date.[3] We noted the careful inquiry conducted by Judge Ann S. Harrington in determining that appellants Walker and Lee had knowingly waived their right to be present: the trial court found as a fact that appellants had been notified of the trial date and location; the court took testimony that Walker and Lee had not been heard from in eight days; and Judge Harrington also heard testimony that an agent of the Pre–Trial Services Unit had searched appellants' apartment and discovered that most of their possessions had been removed. *Id.* at 255–56, 658 A.2d at 240. We affirmed the trial court's finding that the absence of Walker and Lee was knowing and voluntary.

Although our discussion in *Walker* focused primarily on the question of the defendants' waiver of their right to be present at trial, our decision in that case also implicitly recognized the importance of the trial court's exercise of discretion in proceeding to try the defendants *in absentia* after the finding of such a waiver. We explained the reasoning behind the trial court's decision to try Walker and Lee in their absence:

> Judge Harrington ... conducted a hearing concerning the appellants' absence. ... The Assistant State's Attorney represented to the court that the State would be calling between forty and forty-five witnesses during the trial.
>
> * * * * * *
>
> Judge Harrington ruled that the trial of ... the appellants would proceed and the appellants would be tried in absentia. In explaining the rationale for this ruling, the court noted the slim probability that Walker and Lee could be located quickly and the burden on the State of severing and rescheduling such a complex case and recalling all the witnesses for a second trial.

---

**3.** In *Walker v. State*, 338 Md. 253, 658 A.2d 239, *cert. denied*, 516 U.S. 898, 116 S.Ct. 254, 133 L.Ed.2d 179 (1995), trial counsel refused to participate in the trial. We did not address Walker and Lee's claim of ineffective assistance of counsel, leaving that issue for consideration on post conviction, should Walker or Lee choose to pursue the matter. *Id.* at 261–62, 658 A.2d at 243.

*Id.* at 256, 658 A.2d at 240. Again, as in *Barnett,* we acknowledged and approved of the trial court's decision to weigh all relevant factors in exercising the discretion to proceed in trying two defendants who had knowingly and voluntarily absented themselves from their criminal trial.

■ In this case, we must balance two competing interests: the right of the defendant to be present at trial, and the need for the orderly administration of the criminal justice system. Before trying a defendant *in absentia,* the trial court must both (i) find a knowing and voluntary waiver of the right to be present at trial and (ii) exercise sound discretion in determining whether to proceed with the trial of an absent criminal defendant. *See Walker,* 338 Md. at 256, 259–61, 658 A.2d at 240, 242; *Barnett,* 307 Md. at 207, 213, 512 A.2d at 1077–78, 1080–81; *see also Tortora,* 464 F.2d at 1209.

As we have indicated, before the trial court may try a criminal defendant *in absentia,* the court must first determine that the defendant has knowingly and voluntarily waived the constitutional right to be present. *Williams,* 292 Md. at 216, 438 A.2d at 1308; *see Taylor v. United States,* 414 U.S. 17, 19– 20, 94 S.Ct. 194, 195–96, 38 L.Ed.2d 174 (1973) *(per curiam ).* In *Barnett* we said:

> "Before a trial may proceed in the defendant's absence, the judge must find that the defendant has had adequate notice of the charges and proceedings against him.... It must clearly appear in the record ... that the defendant was advised when proceedings were to commence and that he voluntarily, knowingly, and without justification failed to be present at the designated time and place before the trial may proceed in his absence."

*Barnett,* 307 Md. at 210, 512 A.2d at 1079 (quoting *Tortora,* 464 F.2d at 1209); *see also Noble v. State,* 293 Md. 549, 563, 446 A.2d 844, 851 (1982). The waiver of a criminal defendant's right to be present is specifically governed by Maryland Rule 4–231(c),[4] which states the circumstances under which a waiv-

---

4. Maryland Rule 4–231 states in pertinent part:

er may be found: (1) if the defendant is "voluntarily absent" after the proceeding has commenced, whether or not informed by the court of the right to remain; (2) if the defendant engages in conduct that justifies exclusion from the courtroom; or (3) if the defendant, either personally or through counsel, agrees or acquiesces in being absent. This case implicates the third circumstance.

The principle that voluntary absence must be clearly established and will not be presumed is especially pertinent in a criminal case where the entire trial is conducted without the presence of the defendant. In addition to involving the right to be present, a trial *in absentia* implicates other State and federal constitutional guarantees. In *Williams*, 292 Md. at 219, 438 A.2d at 1310, we expressly emphasized this distinction by holding that a criminal defendant could ordinarily waive the right to be present, either through counsel or by inaction, if such a waiver did not implicate the right to confrontation or any other right requiring a knowing and intelligent waiver. Although, in this case, Pinkney does not contest the finding that he waived his right to counsel through inaction, Pinkney's trial *in absentia* implicated, for instance, his right to confront

---

**Rule 4–231. PRESENCE OF DEFENDANT**

(a) **When Presence Required.**—A defendant shall be present at all times when required by the court. . . .

(b) **Right to Be Present—Exceptions.**—A defendant is entitled to be present at a preliminary hearing and every stage of the trial, except (1) at a conference or argument on a question of law; (2) when a nolle prosequi or stet is entered pursuant to Rules 4–247 and 4–248; or (3) at a reduction of sentence pursuant to Rules 4–344 and 4–345.

(c) **Waiver of Right to Be Present.**—The right to be present under section (b) of this Rule is waived by a defendant:

(1) who is voluntarily absent after the proceeding has commenced, whether or not informed by the court of the right to remain; or

(2) who engages in conduct that justifies exclusion from the courtroom, or

(3) who, personally or through counsel, agrees to or acquiesces in being absent.

Implicit in our decision in *Barnett* was the conclusion that subsection (c) of Rule 4–231 imposes the same substantive standard regarding the voluntariness of a criminal defendant's absence as that imposed by subsection (a). *See Barnett*, 307 Md. at 204, 512 A.2d at 1076. In either circumstance, a proper waiver must be found.

witnesses against him. When the denial of the right to be present embraces other constitutional guarantees, the standard used to find a waiver of the right to be present must properly rise to the level of the standard to be applied in finding a waiver of the specific constitutional guarantees embraced by the common law right to be present.

Regarding waiver of the right to be present, some courts have spoken, not in terms of waiver, but in terms of forfeiture. For example, the Court of Appeals of New York held that a defendant who is deliberately absent from trial after having been advised of the trial date *forfeited* his right to be present at trial. *People v. Sanchez,* 65 N.Y.2d 436, 492 N.Y.S.2d 577, 580–81, 482 N.E.2d 56, 59–60 (1985). Defining forfeiture in this context, the court said: "Forfeiture, unlike an express waiver which involves an evaluation of defendant's state of mind, occurs by operation of law and as a matter of public policy." *Id.* at 580, 482 N.E.2d at 59 n. * (citing, *inter alia, People v. Thomas,* 53 N.Y.2d 338, 441 N.Y.S.2d 650, 652, 424 N.E.2d 537, 539 n. 2 (1981)); *see Cruz v. Com.,* 24 Va.App. 454, 482 S.E.2d 880, 883 (1997) (*en banc* ) ("Under the modern rule, . . . an accused may forfeit both the constitutional right and the statutory right to be present at trial."); *see also Flowers v. State,* 608 So.2d 764, 766 (Ala.Crim.App.1992). Commentators have also described the relinquishment of the right to be present in terms of forfeiture. 3 WAYNE R. LAFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 23.2(b), at 7 (1984) (reasoning that, with regard to an absent defendant's right to be present, "it would seem preferable to view the matter in terms of forfeiture of a right"); CHARLES H. WHITEBREAD & CHRISTOPHER SLOBOGIN, CRIMINAL PROCEDURE § 28.03, at 720 (3rd ed. 1993) ("[T]he defendant himself can waive the right, or forfeit it through misconduct, in a number of situations.").

■ Whether we speak in terms of waiver or forfeiture, before a court may find an agreement or an acquiescence to trial *in absentia,* the court must generally be satisfied of two primary facts: that the defendant was aware of the time and place of trial, and that the non-appearance was both knowing

and sufficiently deliberate to constitute an agreement or acquiescence to the trial court proceeding in his or her absence. Usually, as in this case, the defendant's awareness of the time and place of trial will be easily established. Evidence, in the form of a summons or other document, will appear in the record to substantiate the State's burden of showing that the defendant was notified of the time and place of trial. *See Barnett*, 307 Md. at 210, 512 A.2d at 1079 ("Obviously there can be no voluntary relinquishment of a known right to be present at one's trial if the accused does not know of the accusation and of the trial date.").

In most cases, the more difficult question presented will be why the defendant is not in court. In determining whether a defendant's absence is truly voluntary, many trial courts have prudently taken investigatory measures before finding a waiver of the right to be present at trial. That information could come in the form of a direct or indirect statement from the defendant; it could come from a statement by another person, or such information could come from other evidence that the defendant has, in fact, absconded. For instance, in *Barnett*, 307 Md. at 199–200, 512 A.2d at 1074, we noted with approval the trial court's efforts to locate the defendant by delaying the proceedings one day, questioning defense counsel as to the whereabouts of the defendant, and contacting area hospitals. A telephone call to the defendant's place of employment, if that information is available, would also be a prudent investigatory measure. *See also Sorrell v. State*, 315 Md. 224, 229 n. 2, 554 A.2d 352, 354 n. 2 (1989) (suggesting that it may be helpful for the trial court to contact the defendant's family).

If, through such an investigation, the trial court discovers that the defendant could have appeared, but simply made a decision not to do so, the court may, of course, find a waiver of the right to be present from that affirmative information. More frequently, however, the court will not have an affirmative confirmation that the defendant's absence is voluntary, but will instead only possess information suggesting the non-existence of alternative explanations. If reasonable inqui-

ry does not suggest that the defendant's absence was involuntary, and if the information before the court implicitly suggests no other reasonable likelihood of involuntary absence, the court may, as in *Walker,* draw the *initial* inference that the defendant's absence was a knowing one and was sufficiently deliberate so as to constitute an acquiescence to being tried *in absentia.*

The Court of Special Appeals has correctly observed that "voluntary absence must be clearly established and will not be presumed." *Haley v. State,* 40 Md.App. 349, 361, 392 A.2d 551, 557, *cert. denied,* 284 Md. 744 (1978). If the trial court presumes waiver from a virtually silent record, and thus consciously proceeds in ignorance, then a lack of alternative explanations as to the defendant's presence at the time of trial cannot support the finding of a knowing and voluntary waiver of the right to be present.

▪ We do not set forth a litany which the trial court must slavishly follow in order to establish that a defendant's absence is knowing and voluntary. Nonetheless, the record must reflect that adequate inquiry has been made to ensure that a defendant's absence is not in fact involuntary. A court cannot presume waiver from a silent record. *State v. Collins,* 265 Md. 70, 80, 288 A.2d 163, 168 (1972).

▪ Additionally, we conclude that the trial court has an obligation at a subsequent court proceeding to allow a criminal defendant the opportunity to explain the circumstances surrounding an absence at trial. To be sure, a modicum of uncertainty will often accompany a trial court's finding that a defendant has waived this right because the trial court will usually be required to find a negative: that an absent defendant is *not involuntarily* absent. Thus, when the defendant appears before the court at a later time, the judge must allow a defendant the opportunity to establish that the prior absence at trial was other than voluntary. If the defendant, through a motion for new trial or other appropriate objection, takes issue with the finding of waiver and presents evidence which, if known to the court initially, would have

precluded a finding of waiver, then the trial judge must vacate any adverse verdict and grant the defendant a new trial. *See Stone v. State,* 344 Md. 97, 106, 685 A.2d 441, 445 (1996) ("[T]he right to be present at a trial *de novo* cannot be considered waived by nonappearance, that is, withdrawn, when the trial court has information that the appellant's failure to appear was neither wilful nor voluntary."). Other courts have reached the conclusion that the trial court has an obligation at a subsequent court proceeding to allow a criminal defendant the opportunity to explain the circumstances surrounding an absence at trial. *State v. Butler,* 674 A.2d 925, 927 (Me.1996); *State v. Thomson,* 123 Wash.2d 877, 872 P.2d 1097, 1100 (1994); *Kimes v. United States,* 569 A.2d 104, 109 (D.C.1989); *State v. Elliott,* 126 Idaho 323, 882 P.2d 978, 983 (App.1994).

The trial court's finding that the defendant waived the right to be present does not end the inquiry. A trial *in absentia* should not follow, *ipso facto,* every time the trial court finds that the defendant waived the right to be present at trial. A finding by the trial court of a waiver of the right to be present does not *require* the court to proceed with a trial *in absentia;* it is merely a first step which *permits* the court to do so. The court has discretion not to proceed until the defendant is located and brought before the court, or until the court has more information as to the defendant's whereabouts and circumstances. "It is obviously desirable that a defendant be present at his own trial." *Tortora,* 464 F.2d at 1210. After resolving the question of waiver, the trial court must exercise its discretion and decide whether to proceed in the defendant's absence. Trial *in absentia* is not favored.

The discretion of the trial court to try an absent defendant should be exercised after a review of all the appropriate concerns and with the recognition that the public interest and confidence in judicial proceedings is best served by the presence of the defendant at trial. *See State v. Kirk,* 699 S.W.2d 814, 820 (Tenn.Crim.App.1985), *cert. denied,* 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 327 (1986). Other countervailing interests limiting the exercise of a trial court's discre-

tion in such circumstances include the State's interests both in an accurate determination of guilt and in public confidence in the judiciary as an instrument of justice. *Hudson*, 574 A.2d at 438; *see Maupin v. State*, 694 P.2d 720, 723 (Wyo.1985) (" 'The defendant's right to be present at all proceedings of the tribunal which may take his life or liberty is designed to safeguard the public's interest in a fair and orderly judicial system.' " (quoting *Bustamante v. Eyman*, 456 F.2d 269, 274–75 (9th Cir.1972))); *see also State v. McCrimmon*, 187 Ariz. 169, 927 P.2d 1298, 1300 (1996). Moreover, the defendant's presence "assures that the trial court is 'keenly alive to a sense of [its] responsibility and to the importance of [its] functions.' " *United States v. Canady*, 126 F.3d 352, 361 (2nd Cir.1997) (quoting *Waller v. Georgia*, 467 U.S. 39, 46, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31 (1984)), *cert. denied*, —— U.S. ——, 118 S.Ct. 1092, 140 L.Ed.2d 148 (1998).

In *Tortora*, the United States Court of Appeals for the Second Circuit set out cogent principles to guide the trial court's discretion in deciding whether to proceed *in absentia*.[5] Writing for the court in *Tortora*, Chief Judge Lombard observed:

Whether the trial will proceed will depend upon the trial judge's determination of a complex of issues. He must weigh the likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, partic-

---

**5.** The United States Court of Appeals for the Second Circuit in *United States v. Tortora*, 464 F.2d 1202, 1210 (2nd Cir.), *cert. denied sub nom. Santoro v. United States*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972), affirmed the trial court's decision to try two criminal defendants *in absentia* after they voluntarily absented themselves prior to the commencement of trial. Subsequently, in *Crosby v. United States*, 506 U.S. 255, 262, 113 S.Ct. 748, 753, 122 L.Ed.2d 25 (1993), the Supreme Court interpreted Federal Rule of Criminal Procedure 43 to prohibit absolutely trial *in absentia* when the defendant is not present at the commencement of the trial. Nevertheless, the decision in *Tortora* still retains validity as persuasive authority regarding a trial court's exercise of discretion when determining whether to proceed with the trial of a voluntarily absent defendant. *See Clark v. Scott*, 70 F.3d 386, 390 (5th Cir.1995), *cert. denied*, 517 U.S. 1147, 116 S.Ct. 1444, 134 L.Ed.2d 564 (1996); *United States v. Nichols*, 56 F.3d 403, 417 (2nd Cir.1995).

ularly multiple-defendant trials; the burden on the Government in having to undertake two trials, again particularly in multiple-defendant trials where the evidence against the defendants is often overlapping and more than one trial might keep the Government's witnesses in substantial jeopardy.

*Tortora,* 464 F.2d at 1210 (footnote omitted). The factors noted in *Tortora* were not meant to be exhaustive; rather, the list merely reflects the principle that the trial court should take into consideration the relevant, substantial factors in determining whether to try a voluntarily absent defendant. *See United States v. Muzevsky,* 760 F.2d 83, 85 (4th Cir.1985) ("[C]onsideration of the government's difficulty in reassembling its proof may dictate an immediate trial."); *United States v. Benavides,* 596 F.2d 137, 140 (5th Cir.1979) (recognizing that, in addition to the factors listed by *Tortora,* inconvenience to jurors is also a consideration).

 Although not constitutionally required, courts from other jurisdictions have also concluded that a trial court should balance the relevant, respective interests in deciding whether to proceed to trial when the defendant is voluntarily absent. *Clark v. Scott,* 70 F.3d 386, 388–89 (5th Cir.1995), *cert. denied,* 517 U.S. 1147, 116 S.Ct. 1444, 134 L.Ed.2d 564 (1996); *United States v. Guyon,* 27 F.3d 723, 727 (1st Cir. 1994); *United States v. Watkins,* 983 F.2d 1413, 1419 (7th Cir.1993); *Kimes,* 569 A.2d at 109–10; *People v. Parker,* 57 N.Y.2d 136, 454 N.Y.S.2d 967, 970–71, 440 N.E.2d 1313, 1317 (1982); *State v. Okumura,* 58 Haw. 425, 570 P.2d 848, 852 (1977); *Cruz,* 482 S.E.2d at 885; *State v. Rodriguez,* 114 N.M. 265, 837 P.2d 459, 461–62 (App.1992); *accord United States v. Nichols,* 56 F.3d 403, 417 (2nd Cir.1995). The State's legitimate interest in "keeping the trial calendar moving" is not, standing alone, sufficient justification to try a defendant *in absentia.*[6] *Campbell v. United States,* 295 A.2d 498, 503 n. 3

---

6. A base premise of the dissenting opinion is that trying Pinkney, and others similarly situated, in their absences, will conserve judicial resources. In our view, that premise is too speculative, and thus un-

(D.C.1972); *see also United States v. Rezaq,* 134 F.3d 1121, 1132 (D.C.Cir.1998); *United States v. Wright,* 932 F.2d 868, 879 (10th Cir.), *cert. denied,* 502 U.S. 962, 112 S.Ct. 428, 116 L.Ed.2d 448 (1991).

 We do not today adopt a rule mandating consideration of the *Tortora* factors as a condition of the trial court's exercise of discretion in proceeding with a trial *in absentia.* *Accord Commonwealth v. Wilson,* —— Pa. ——, 712 A.2d 735, 738–39 (Pa.1998). Circumstances exist when an accused's voluntary absence and defiance of the court is itself sufficient to justify a trial in the defendant's absence. Nonetheless, routinely conducting a trial in the absence of the accused, particularly when the trial has not yet commenced, is not condoned. Trial *in absentia* should be the extraordinary case, "undertaken only after the exercise of a careful discretion by the trial court." *In re Dunkerley,* 135 Vt. 260, 376 A.2d 43, 48 (1977).

 Further, we believe that the commencement of trial *vel non* is a significant factor which properly informs the trial court as to whether to exercise its discretion to proceed with the trial of a criminal defendant after the court has found a

sound. Footnote 4 of the dissenting opinion offers various hypotheses—based on information outside the record in this case—as to the scope of the problem of criminal defendants failing to appear as scheduled for trial, alternately estimating the extent of such failures to appear as: 13.5% of the criminal caseload; or, over 20,000 cases per year.

Since all of these defendants presumably would have been informed of their trial dates, implicit in the reasoning of the dissent is the conclusion that all of these defendants could be tried *in absentia.* These trials, with no possibility of plea bargaining, would have the potential to deplete judicial resources. Moreover, additional resources would be expended on both post-trial hearings and appeals to resolve the issue of whether the defendant's absence at trial was knowing and voluntary. Finally, we note that additional federal resources would be expended on a corresponding increase in the number of habeas corpus petitions challenging the constitutionality of these trials. Accordingly, we reject the notion that the rule of law suggested by the dissenting opinion would conserve judicial resources. The legal standard advocated by the dissent would also undermine the public interest in the legitimacy and accuracy of criminal trials.

voluntary relinquishment of the right to be present. Yet, we do not believe that the point at which the trial commences is a sacrosanct line of demarcation. *Barnett,* 307 Md. at 208, 512 A.2d at 1078 ("[N]o talismanic properties attach to the point at which the trial begins.") (internal quotation marks and citations omitted); *see Hudson,* 574 A.2d at 443 ("We see no principled reason to distinguish 'between the misconduct of a defendant who deliberately leaves the courtroom shortly after the trial begins and that of a defendant who does so after he has been told that the trial is about to begin.' " (quoting *Sanchez,* 492 N.Y.S.2d at 581, 482 N.E.2d at 60)). Forbidding the trial of a defendant who absented him or herself prior to the commencement of trial, while allowing the trial of that same defendant to proceed if the absence had occurred one minute after the trial commenced, would impermissibly cede control of judicial administration to the criminal defendant, as well as encourage a defendant to abscond prior to trial if the defendant believes a guilty verdict is likely. *Commonwealth v. Sullens,* 533 Pa. 99, 619 A.2d 1349, 1351 (1992).

Recognition of the significance of the commencement of trial reflects the common sense notion that a defendant who is present on the day of trial would generally be aware of the obligation to be present, and thus more culpable in his or her absence. In addition, once the trial has commenced, the State's interest in a timely conclusion to that trial significantly increases due to the expenditure of judicial and other resources. *Crosby v. United States,* 506 U.S. 255, 261, 113 S.Ct. 748, 752, 122 L.Ed.2d 25 (1993); *see* LaFave & Israel, *supra,* § 23.2(b), at 7–8.

### III.

▆▆▆ Initially, we conclude that the trial court erred in finding a waiver of Pinkney's right to be present at trial. When Pinkney failed to appear on the morning of trial, the court determined only that he had been properly informed of the time and place of trial and that he was not incarcerated. Although his address was known and Pinkney had appeared as required for all previous court proceedings, no one called his

home; nor was any inquiry made of area hospitals. Based on what his attorney later told the court at sentencing, there is a reasonable possibility that, had such inquiries been made, the court would have determined that Pinkney "had a seizure and there was an ambulance that was called to his house, but he refused to go to the hospital, ... he wasn't in the right frame of mind." If the trial judge had been informed of these facts, the court could not have properly found, without further investigation, that Pinkney's absence constituted an agreement or acquiescence by him to be tried *in absentia*.[7] Simply stated, the trial court's inadequate inquiry into Pinkney's whereabouts on the morning of trial did not give it a sufficient basis to conclude that his absence was the product of voluntary choice.

■■■ Moreover, in this case, an additional factor, of great significance, also existed. Pinkney elected to represent himself. That was, of course, his choice; but the fact that no one was present on his behalf had an impact on his opportunity to defend. For example, no one was present on his behalf to object to inadmissible evidence, to cross-examine witnesses, to move for judgment of acquittal, or to request, review, and, if necessary, object to jury instructions. *See People v. Morales,* 80 N.Y.2d 450, 591 N.Y.S.2d 825, 829, 606 N.E.2d 953, 957 (1992) ("[B]ased on our own body of State law, we look to the effect that defendant's absence might have on the opportunity to defend."). We do not suggest that the trial can never proceed *in absentia* when the defendant is unrepresented, but the lack of an attorney, even when occasioned by a knowing and voluntary waiver of counsel, is a weighty factor for the

---

7. Had the court been informed on the morning of trial that Pinkney's absence was due to a seizure, the court could have ascertained whether there was any truth to that explanation. If not satisfied with the explanation, the court, as an alternative to proceeding *in absentia,* could have issued a bench warrant and had Pinkney brought promptly before the court; if satisfied that the failure to appear was not an acquiescence to being tried *in absentia,* the court would necessarily have continued the proceeding.

court to consider in deciding whether to proceed in the defendant's absence.

■■■■ Even if the trial court erred in trying Pinkney in his absence, the State argues in the alternative that Pinkney waived any claim of error by not objecting at the sentencing proceeding to the conduct of his trial. Pinkney appeared with counsel for sentencing on March 18, 1997. The earlier quoted colloquy at the sentencing proceeding, between the trial court and Pinkney and his counsel, demonstrates that the court did not permit Pinkney a meaningful opportunity to explain his absence from the trial. The court's response to the explanation offered by counsel for Pinkney's absence was to rule, essentially, that the explanation was irrelevant: "Well, I'm sorry. He could have come late. He could have come the next day. He could have done something." That was not an adequate response.

Pinkney's trial took less than two hours. Had he appeared "late" or the next day, the trial would have been over. Whether Pinkney could have come to court the next day, or the day after, may have been relevant to a determination of his true state of mind on the morning of trial, but such a failure cannot transform an involuntary absence into a voluntary one.

As importantly, if the court had fairly considered the explanation for Pinkney's absence, and believed that Pinkney had in fact suffered a seizure and that an ambulance had been called as a result, the court should have placed itself in the same position as if that information had been learned *before* proceeding with the trial *in absentia*. If a finding of waiver would have been inappropriate when the trial commenced, such a finding would have been equally inappropriate at the later point once the court learned the relevant information. Pinkney's conduct fell short of the "knowing, voluntary" absence that is required to constitute his acquiescence to a trial in his absence by a waiver of his common law and constitutional right to be present during trial. For these reasons, we hold that the trial court erred in trying Pinkney *in absentia*.

*JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR A NEW TRIAL. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.*

CATHELL, J., dissents.

CATHELL, Judge, dissenting.

I respectfully dissent. The thousands of instances in which defendants fail to appear for trial in the State of Maryland, which I will note later, seriously disrupt the calendars of the courts and inconvenience a multitude of jurors and witnesses. There are potentially tens of thousands of witnesses, including police officers and jurors, persons fulfilling their civic duties, whose lives and occupations and the services they perform for the public, are disrupted needlessly and seriously by the conduct of defendants who willfully fail to appear.

Although this case concerns the single witness whose life and income was seriously disrupted, the holding of the majority goes far beyond the instant case in terms of potential societal disruption caused by those who, like the defendant in this case, knowingly and voluntarily fail to appear at his or her criminal trial. We are the last arbiters of justice in this State. With all due respect for the learned and scholarly opinion of my colleague writing for the majority, I do not believe that justice is served by permitting recalcitrant and obstructive defendants to stay home voluntarily and disrupt not only the judicial system, but the lives of the civic-minded citizens of this State.

It is appropriate, I believe, to be cognizant of the nature of constitutional rights. I begin with certain relevant provisions of the Maryland Declaration of *Rights*. It is important to note that it is not a Declaration of *Requirements*.

Article 5 of the Maryland Declaration of Rights provides that the "Inhabitants of Maryland are *entitled* to ... trial by Jury." (Emphasis added.) Article 21 states with respect to criminal cases that every person "hath a *right* to be informed of the accusation against him; ... to be allowed counsel;

[and] to be confronted with the witnesses against him." (Emphasis added.) Part of the Maryland constitutional right to be present at one's trial is grounded in an individual's right to confront the witnesses against him or her. Again, this is an individual's *right* to confront that a court must afford a defendant; it is not a mandatory constitutional *requirement* of confrontation because a criminal defendant can waive that right.

Article 24 of the Maryland Declaration of Rights, Maryland's due process clause, provides that no person shall be "imprisoned or . . . deprived of his life, liberty or property, but . . . by the Law of the land." With respect to this due process right, we noted in the civil case of *Heft v. Maryland Racing Commission*, 323 Md. 257, 270–71, 592 A.2d 1110, 1117 (1991), which involved an administrative hearing, that

> [e]ven though one may have a constitutional right to a particular procedure, that right may be subjected to a reasonable requirement that some action be taken within a specified time in order to exercise the right. The failure to take such action in a timely manner constitutes a waiver of the right. [Citations omitted.]

In Maryland, generally, a defendant is *required* to appear for a criminal trial by reason of the provisions of his arrest and subsequent release pending trial. Some relevant provisions include sections 594B to 594D of Article 27, relating to arrests; section 616½ of Article 27, relating to bail; and Maryland Rule 4–216, regarding pretrial release of a criminal defendant. Maryland Rule 4–231, the rule affording a criminal defendant the right to be present at trial, also imposes a requirement upon a criminal defendant that he or she be present for trial. It states:

**Rule 4–231. Presence of defendant.**

(a) *When presence required.* A defendant shall be present at all times when required *by the court*. . . .

(b) *Right to be present—Exceptions.* A defendant is *entitled to be present* at a preliminary hearing and every stage of the trial, except (1) at a conference or argument on

a question of law; (2) when a nolle prosequi or stet is entered pursuant to Rules 4–247 and 4–248; or (3) at a reduction of sentence pursuant to Rules 4–344 and 4–345. [Some emphasis added.]

To transmute a criminal defendant's *right* to be present into the same type of absolute requirement of presence, a direction in which I believe the majority's opinion leads, is in my view not required by the United States and Maryland Constitutions, the Maryland statutes, or the Maryland rules.

Pinkney had a right to be present at his trial. He was afforded that right. The trial court scheduled his trial and notified him of the date, time, and place of trial. It is absolutely uncontradicted that he was aware of his trial date. The trial court provided that time and place on the date scheduled and it required the State and its witnesses to stand ready to participate in the trial, which Pinkney clearly had a constitutional right to attend. The trial court, at that point, performed all that the constitutions, statutes, and rules require; it afforded to Pinkney all that was necessary for him to assert his constitutional right of presence. It gave him a full opportunity to be present for trial. There is absolutely no evidence that any person or thing, other than Pinkney himself, interfered with the exercise of his right to be present. According to his attorney's statement at sentencing, because Pinkney suffered some type of seizure shortly before trial, he was not in the right frame of mind on the date trial was to commence.

The concept of the right to do something connotes, if it is to be a right and not a requirement, the right not to do something. When one has a constitutional right, that right incorporates the right to do something or the constitutional right *not* to do something. When Pinkney voluntarily chose not to be present, he exercised his constitutional *right* to be present by not being present. His *presence* is required under other statutory and/or constitutional provisions mandating one to stand trial when charged with a criminal offense. These requirements, however, are the rights of the State generally to require presence, not the exercise of one's right to be present.

In considering *in absentia* issues, we should take great care in not confusing the two concepts.

If every time one of the tens of thousands of criminal defendants going through our court system failed to appear for trial, the trial courts were required to hold pretrial investigations and hearings on the issue of voluntariness, during which the courts required its officials to contact hospitals, doctors, offices, homes, and friends, in order to determine whether the defendant was voluntarily absent, an already beleaguered and overworked system would become more burdened. The majority notes, approvingly, that in *Barnett*, the trial court's law clerk called twenty-nine hospitals in an effort to find Barnett. What happens in a county with no hospitals? Does the trial judge in Denton call hospitals in Delaware? How many hospitals is enough? How many jails should be called? How many of a defendant's friends should be called? To impose upon the trial courts the extra burden of finding a defendant who is aware of his trial date, but is absent nonetheless, is, I respectfully suggest, neither constitutionally required nor wise.

It is possible, as I will show, to fully protect the right of a defendant to be present without imposing an extensive obligation on the trial courts to *guarantee* the voluntariness of all defendants' non-appearances and to balance an almost unlimited number of public interests, a virtually impossible task. In that respect, I believe it helpful to discuss how other jurisdictions have addressed this problem and then attempt to place their efforts into different classifications. At least twenty-three state courts addressed the issue recently: Arizona, Colorado, Florida, Illinois, Indiana, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Mississippi, Nevada, New Hampshire, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Utah, Virginia, and Washington. Additionally, numerous federal circuit courts of appeal, as well as the Supreme Court of the United States, have addressed this issue relatively recently.

This case law elsewhere, however, does not coalesce into any single standard with respect to the voluntariness aspect of *in absentia* trials. It is left to this Court to compartmentalize the decisions and select from the several standards that are constitutional, or a combination of their holdings, what is appropriate for Maryland defendants and for Maryland.

In this discussion of a criminal defendant's right to be present at trial, I will address three concepts. The first two, which are interrelated, concern the holding of *in absentia* trials and the finding that a criminal defendant waived his or her right to be present at trial. These two issues will be discussed together. The third issue relates to the remedy to which a criminal defendant may be entitled when he or she was tried *in absentia* and later asserts he or she did not voluntarily waive his or her constitutional right to be present at trial.

## TRIAL *IN ABSENTIA*, VOLUNTARINESS, AND WAIVER

The holding of a criminal trial without the defendant's presence and the waiver of one's constitutional right to be present at trial are two interrelated and inseparable concepts. No trial can be held *in absentia* unless a determination is made that a criminal defendant waived his or her right to be present at trial by voluntarily absenting himself or herself from the proceedings. The relevant inquiry, then, is under what circumstances will a voluntary waiver be found such that a trial *in absentia* may take place.

In addition to a defendant's constitutional right to be present at trial, most states, including Maryland, and the federal courts have enacted rules or statutes regarding the right of a criminal defendant to be present at trial. These rules or statutes affect, to some extent, a court's ability to find that a criminal defendant waived his or her right to be present. For purposes of this discussion, the case law regarding these rules and statutes with regard to *in absentia* trials can be divided into two general classifications: (A) jurisdictions in which the

defendant's presence is required at the commencement of the proceedings, and (B) jurisdictions in which the defendant's presence is not required at the commencement of the proceedings.

Within each of these two broad classifications, there are further distinctions regarding the circumstances under which a waiver of a defendant's constitutional right to be present at trial may be found. These distinctions with respect to waiver will be examined along with the discussion regarding the two general classifications.

## A. Presence Required at Commencement of Proceedings

The federal courts and some state courts interpret their rules or statutes regarding the presence of the defendant at a criminal trial as prohibiting the commencement of a trial without the criminal defendant's presence. Stated another way, in these jurisdictions no finding of waiver of a criminal defendant's right to be present at trial can be found when the defendant fails to show up at the commencement of the trial.

*Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), is the leading case in those jurisdictions requiring that a trial be in progress with the defendant present in order to find a subsequent waiver of a defendant's right to be present when he absconds later during the proceedings. Although these cases are not directly relevant in that the trial in the case *sub judice* commenced *in absentia,* the cases discussing this view are helpful in their treatment of the issue of voluntariness and waiver.

The Supreme Court in *Crosby* interpreted Rule 43 of the Federal Rules of Criminal Procedure as requiring the trial to have commenced with the defendant present for the trial *to continue in absentia* after the defendant had absconded. Prior to *Crosby,* several federal circuit courts interpreting Rule 43 construed it more broadly. *See, e.g., United States v. Houtchens,* 926 F.2d 824, 826–27 (9th Cir.1991) ("We ... hold that a defendant may be tried in absentia when, after sufficient notice, he or she knowingly and voluntarily fails to

appear for trial. To hold otherwise, 'would allow an accused at large upon bail to immobilize the commencement of a criminal trial and frustrate an already overtaxed judicial system until the trial date meets, if ever, with his pleasure and convenience.'" (quoting *Government of Virgin Islands v. Brown,* 507 F.2d 186, 189 (3d Cir.1975))); *Brewer v. Raines,* 670 F.2d 117, 119 (9th Cir.1982) (rejecting argument that defendant can waive right to be present at trial only if the defendant absconds after the trial has commenced).

In *Crosby,* the defendant attended several preliminary hearings during which he received notice of his trial date, but failed to appear at the commencement of his trial. On the day of trial, codefendants and numerous witnesses were present. The trial court received some indication that day that Crosby may have absconded.

After waiting several days for the defendant to appear, the trial court, finding that Crosby had waived his right to be present by voluntarily absenting himself from the commencement of trial, ordered the trial to begin five days after its initial scheduled date. Crosby's attorney was present and objected to a trial *in absentia.* Crosby ultimately was convicted.

The Supreme Court reversed based upon its interpretation of the federal rule. That rule provided:

(a) PRESENCE REQUIRED. The defendant *shall be present* at the arraignment, at the time of the plea, at every stage of the trial ... except as otherwise provided by this rule.

(b) CONTINUED PRESENCE NOT REQUIRED. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,

(1) is voluntarily absent after the trial has commenced.

*Crosby,* 506 U.S. at 258, 113 S.Ct. at 751, 122 L.Ed.2d 25 (emphasis added).

Although basing its decision on the language of the rule, the Supreme Court, in rejecting the government's argument that

the rule was intended merely to restate the common law, noted that the Court had modified the common law in *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), only as to ongoing trials. In *Diaz*, the defendant voluntarily absented himself on two occasions from a trial in progress.

The Supreme Court also addressed the lower court's reasoning, which had stated that " '[i]t would be anomalous to attach more significance to a defendant's absence at commencement than to absence during more important substantive portions of the trial.' " *Crosby*, 506 U.S. at 261, 113 S.Ct. at 752, 122 L.Ed.2d 25(quoting *United States v. Crosby*, 917 F.2d 362, 365 (8th Cir.1990)). The Supreme Court responded: "While it may be true that there are no 'talismonic properties which differentiate the commencement of a trial from later stages,' we do not find the distinction between pretrial and midtrial flight so farfetched as to convince us that Rule 43 cannot mean what it says." *Id.* (citation omitted). The Court explained its reasons for its interpretation of the rule:

> There are additional practical reasons for distinguishing between flight before and flight during a trial. As did *Diaz*, the Rule treats midtrial flight as a knowing and voluntary waiver of the right to be present. Whether or not the right *constitutionally* may be waived in other circumstances— *and we express no opinion here on that subject*—the defendant's initial presence serves to assure that any waiver is indeed knowing.

*Id.* (citations omitted) (emphasis added). The Court then concluded:

> The language, history, and logic of Rule 43 supports a straight forward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial. Because we find Rule 43 dispositive, we do not reach Crosby's claim that his trial *in absentia* was also prohibited by the Constitution.

*Id.* at 262, 113 S.Ct. at 753, 122 L.Ed.2d 25.

The federal circuits have, of course, followed the Supreme Court's reasoning in *Crosby*. Some state courts also have

followed *Crosby* in interpreting their rules or statutes. Cases following a similar rule with regard to waiver at the commencement of the proceedings include: *United States v. Lacey*, 990 F.2d 586, 586 (10th Cir.1993); *United States v. Arias*, 984 F.2d 1139, 1141–42 (11th Cir.), *cert. denied*, 508 U.S. 979, 932, 113 S.Ct. 2979, 3062, 125 L.Ed.2d 676, 744 (1993); *Meadows v. State*, 644 So.2d 1342, 1345–46 (Ala.Crim.App.1994); *Reece v. State*, 325 Ark. 465, 467–68, 928 S.W.2d 334, 335–36 (1996); *Jarrett v. State*, 654 So.2d 973, 975 (Fla.Dist.Ct.App. 1995); *Villaverde v. State*, 673 So.2d 745 (Miss.1996); *State v. Meade*, 80 Ohio St.3d 419, 687 N.E.2d 278 (1997); *State v. Hammond*, 121 Wash.2d 787, 791–92, 854 P.2d 637, 639–40 (1993); *State v. Crafton*, 72 Wash.App. 98, 101–02, 863 P.2d 620, 622 (1993).

Although these cases and others following *Crosby* may not be relevant to the extent that they prohibit the commencement of a criminal trial when the defendant fails to appear, they are relevant to the extent they discuss waiver of the right to be present after the proceedings have commenced. They also are relevant as to the procedure to be utilized by the trial courts in determining whether a criminal defendant waived his or her right to be present at trial and as to the procedural requirements a criminal defendant must undertake to challenge the trial court's decision to proceed *in absentia*.

## B. Presence Not Required at Commencement of Proceedings

A number of jurisdictions interpret their rules or statutes regarding a criminal defendant's presence at trial so as to make no distinction between the absence of a criminal defendant at the commencement of trial and the absence of a defendant at some point during the trial. These jurisdictions do not interpret their rules or statutes as restricting the holding of a trial *in absentia* only when a defendant absconds after his or her trial has commenced. It is this group to which Maryland belongs.

*Walker v. State,* 338 Md. 253, 658 A.2d 239 (1997).

This Court in *Walker* explicitly rejected the *Crosby* reasoning in interpreting Maryland Rule 4–231(c). In *Walker,* the defendants were released on bond prior to trial. Eight days before their trial was to begin, they disappeared from their apartment in Montgomery County. The cases were called for trial on the scheduled date, and the defendants failed to appear. After a discussion with the defendants' attorneys, the trial court found that the defendants had notice of the trial date and location of the trial. It then ruled that the defendants would be tried *in absentia.*

After the defendants were convicted, they were apprehended in Zambia. They were returned to the United States and after sentencing, appealed their convictions. We set forth the issue and contentions of the parties:

> This case presents the question of whether a trial court may permit a criminal trial to proceed in the defendant's absence if the defendant is informed of when the trial will commence and then voluntarily fails to appear on that date. We answer in the affirmative.
>
> . . . .
>
> Walter and Lee argue that *Barnett* should be overruled, on the basis that this Court misconstrued Rule 4–231(c). They contend that, contrary to our holding in *Barnett,* this Rule permits trial in absentia only when a defendant absconds after trial has commenced.
>
> ... The appellants suggest that this Rule [Md. Rule 4–231(c) ] was modeled after Federal Rule of Criminal Procedure 43, and that our interpretation of the Maryland provision should therefore be guided by federal court pronouncements regarding the Federal Rule. In *Crosby v. United States,* [506] U.S. [255], 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), decided after *Barnett,* the United States Supreme Court held that Federal Rule 43 does not permit a trial in absentia when the defendant absconds prior to the commencement of trial. Walker and Lee argue that this interpretation undermines the continued vitality of *Barnett.*

*Walker,* 338 Md. at 255–60, 658 A.2d at 240–42 (footnotes omitted).

We initially noted that the Supreme Court's interpretation of a federal rule does not bind this Court in its interpretation of a Maryland Rule, even if the Maryland Rule is patterned after the federal rule. We then held:

> This reasoning [of the Supreme Court in *Crosby* ] is inapposite to our interpretation of Maryland Rule 4–231(c). Rule 4–231(c)(3), which has no analog in the federal rule, permits the trial court to find a waiver of the right to be present *whenever* the defendant, "personally or through counsel, agrees to or acquiesces in being absent." We relied on this provision to find a waiver of common-law rights in *Barnett.* 307 Md. at 204, 512 A.2d at 1076. We see nothing in *Crosby* that invites a reexamination of that conclusion.

*Id.* at 261, 658 A.2d at 242 (emphasis added).

Within this category of cases that permit *in absentia* trials when a defendant is not present at the commencement, some states require an additional hurdle for a trial to commence without the presence of a criminal defendant. These states require that the defendant have knowledge that the trial may commence in his or her absence in order for the trial to proceed.

### Notice That Trial *In Absentia* May Be Held

All jurisdictions require that a defendant have notice of the trial date in order to find the defendant waived his or her right to be present at trial. Some jurisdictions also require that the defendant have notice of the consequences, *i.e.,* that if he or she fails to appear, he or she will be tried *in absentia.* For instance, the Court of Appeals of Virginia in *Hunter v. Commonwealth,* 13 Va.App. 187, 409 S.E.2d 483 (1991), held that an individual, even if notified of his or her trial date and time, could not be tried *in absentia* unless he or she also had been advised that if he or she failed to appear, he or she would be tried *in absentia.* It was clear that Hunter had actual

knowledge of the trial date. Additionally, the trial court found he had voluntarily absented himself.

The court noted that in one case [1] in which the condition of a defendant's bond stated, "Failure to appear may result in your being tried and convicted in your absence," *Id.* at 191, 409 S.E.2d at 485, it had held that a defendant had waived his right to be present. In a later case,[2] however, the court held that similar language in a bond was not a sufficient basis to find that a nonappearing defendant had notice he could be tried *in absentia.* The court then held in *Hunter:*

> A voluntary and intelligent waiver ... could be shown by establishing that an officer of the court has explained to the defendant that failure to appear at trial could result in his being tried in his absence. Here ... no *Sisk* warnings were given.... We ... hold that voluntary absence, standing alone, does not constitute a knowing and intelligent waiver.

*Id.* at 193, 409 S.E.2d at 486.

Similarly, in *Cruz v. Commonwealth,* 24 Va.App. 454, 482 S.E.2d 880 (1997), the defendant, after his arrest, was released on his own recognizance. The recognizance form he signed provided that if he failed to appear for trial, the court could try and convict him in his absence. He signed another form at his arraignment acknowledging the same information and furnishing the exact trial date. The defendant subsequently failed to appear for trial and was tried *in absentia* over his counsel's objection. The trial court, reasoning that the trial should continue, stated: "[S]o we don't have witnesses coming in here. We don't have everybody ready for trial. We don't have a jury sitting around and a defendant decides that he prefers to be somewhere else." *Id.* at 459, 482 S.E.2d at 882.

The trial court further stated that Cruz's absence did not mean "the witnesses, the Commonwealth, the Jury and the

---

1. *Head v. Commonwealth,* 3 Va.App. 163, 348 S.E.2d 423 (1986), overruled, *Cruz v. Commonwealth,* 24 Va.App. 454, 482 S.E.2d 880 (1997).

2. *Sisk v. Commonwealth,* 3 Va.App. 459, 350 S.E.2d 676 (1986).

Court should suffer any further prejudice." *Id.* When Cruz appeared for sentencing, his counsel again objected to the *in absentia* trial, proffering that Cruz drank too much the night before trial and had overslept.

The court noted that under Virginia law, "an accused can waive the right to be present for the entire trial." *Id.* at 461, 482 S.E.2d at 883. The court, however, noted that a defendant must be notified of his trial date **and** that he will be tried even if he does not appear for trial:

> "[V]oluntary waiver . . . cannot be shown unless the defendant (1) has been given notice of his trial date; and (2) has been warned that his failure to appear could result in a trial in his absence.
>
> Cruz's explanation that he missed trial because he drank too much and overslept clearly supports the trial court's finding that his absence was, indeed, voluntary."

*Id.* at 463, 482 S.E.2d at 884.

Arizona imposes similar requirements. In *State v. Muniz–Caudillo*, 185 Ariz. 261, 914 P.2d 1353, 1354 (Ariz.Ct.App. 1996), the Arizona Court of Appeals noted: "The trial court may infer that a defendant's absence is voluntary if the defendant had personal knowledge of the time of his proceeding, his right to be present, and the warning that the proceeding would take place in his absence if he failed to appear." *See also State v. Sainz*, 186 Ariz. 470, 924 P.2d 474 (Ariz.Ct. App.1996).

### Voluntary Absence Sufficient to Find a Waiver

A number of state courts are of the view that a trial may commence without the defendant's presence if the defendant voluntarily absents himself or herself from the trial. The Supreme Court of Indiana in *Lampkins v. State*, 682 N.E.2d 1268, *modified in part on reh'g*, 685 N.E.2d 698 (Ind.1997), examined a situation in which the defendant, who was present for his initial hearing, failed to appear for the scheduled trial date. The trial court rescheduled the trial, and the defendant again failed to appear. The defendant then was tried *in absentia.*

On appeal, the defendant asserted that because he did not have notice of the rescheduled trial date, he was tried improperly *in absentia*. The court disagreed stating:

A defendant may ... be tried *in absentia* if the trial court determines that the defendant knowingly and voluntarily waived that right. *The best evidence that a defendant knowingly and voluntarily waived his or her right to be present at trial is the* [absent] *"defendant's presence in court on the day the matter is set for trial."*

... The fact that he knew of his trial date and failed to appear ... is evidence that he knowingly and voluntarily was absent.

*Id.* at 1273 (citations omitted).

In *State v. Finklea*, 147 N.J. 211, 686 A.2d 322, 323 (1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 110, 139 L.Ed.2d 63 (1997), the New Jersey Supreme Court held that "once a defendant has been given actual notice of a scheduled trial date, nonappearance on the scheduled or adjourned trial date is deemed a waiver of the right to be present during the trial." *See also State v. Hudson*, 119 N.J. 165, 574 A.2d 434 (1990)(upholding defendants' convictions *in absentia* where both defendants had knowledge of the time and place of trial and their reasons for not showing up were inexcusable); *State v. Ellis*, 299 N.J.Super. 440, 691 A.2d 403, *cert. denied,* 151 N.J. 74, 697 A.2d 546 (1997)(upholding defendant's conviction *in absentia* where he had knowledge of the trial date, time, and location and failed to proffer a valid reason for his absence).

The Supreme Court of Pennsylvania reversed an intermediate appellate court's decision, which had held that an accused did not waive his right to be present if he failed to appear for trial in *Commonwealth v. Sullens*, 533 Pa. 99, 619 A.2d 1349 (1992). That court said:

The Superior Court [an intermediate appellate court] reasoned that to permit a defendant to halt the proceedings by absconding during trial would encourage him to avoid an expected verdict of guilt. It is equally apparent that apply-

ing a different rule when a defendant fails to appear *at all,* ... has precisely the same effect: it encourages a defendant to ignore his summons to trial if he thinks a guilty verdict is likely, secure in the knowledge that he cannot be convicted until he is apprehended. In the words of the late Mr. Justice McDermott: "No society on earth offers more than we do to preserve and protect the rights of those held for trial. It is more than simple discourtesy not to attend. It is an anarchical contempt of everything that so many have died to preserve."

. . . .

... We hold that when a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried in absentia.

*Id.* at 103–04, 619 A.2d at 1351–52. *See also Commonwealth v. Martinez,* 413 Pa.Super. 454, 457, 605 A.2d 811, 813, *cert. denied,* 533 Pa. 608, 618 A.2d 399 (1992) ("The effect of this Court allowing appellant to abscond without explanation and to reintroduce herself to the judicial process at her convenience would be to place appellant in command of the legal system.").

This line of cases demonstrates that a voluntary waiver may be found any time, either before trial commences or during trial, when a criminal defendant voluntarily absents himself or herself from the proceedings provided the defendant has notice of the time and place of trial.

## FINDING WAIVER OF RIGHT OF PRESENCE

The next issue that must be examined is how a trial court is to make the determination that a criminal defendant voluntarily waived his or her right to be present at trial. I have already discussed the line of cases requiring defendants to be notified the trial may proceed in his or her absence for courts to find that he or she voluntarily waived his or her right to be present at trial. In *Barnett,* the defendant asserted he could not be tried *in absentia* unless he had "been informed in some manner of the consequences of failure to appear for trial."

307 Md. at 206, 512 A.2d at 1077. We rejected that contention, stating: "We are not persuaded that those Supreme Court decisions are authority for the proposition that the waiver of rights involving presence at trial requires knowledge of 'the consequences of failing to appear for trial[.]'" *Id.* at 211, 512 A.2d at 1080. Accordingly, in Maryland, a trial court may find that the defendant voluntarily absented himself or herself from trial, and therefore waived his or her right to be present, despite the defendant's lack of knowledge of the consequences of failing to appear.

Voluntary waiver of a defendant's right to be present at trial may be shown where the defendant has notice of the time and place of trial and he or her she fails to appear. Moreover, the federal cases prior to Federal Rule 43, and even those since *Crosby,* in which defendants abscond after their trial commences, seem, as to voluntariness, to be compatible with the position of many state courts: (1) that the voluntariness of a defendant's absence can be shown by the absence itself, if not satisfactorily explained, and (2) that a defendant's post conviction failure to assert properly reasons why his absence was involuntary may be a further waiver of his right to be present.

In *United States v. Davis,* 61 F.3d 291 (5th Cir.1995), *cert. denied sub nom. Jefferson v. United States,* 516 U.S. 1135, 116 S.Ct. 961, 133 L.Ed.2d 883 (1996), one of Davis's codefendants, McBride, was present when the trial commenced. She was absent, however, during the second week of trial because, as was known to all parties and to the court, she was hospitalized as a result of a suicide attempt. The remainder of the trial was held, as to McBride, *in absentia.* The trial court had found that McBride's ingestment of the pills during her suicide attempt was voluntary. Therefore, the court held that her absence due to the resulting hospitalization also was voluntary.[3] After the jury returned a verdict, a hearing was

---

**3.** The trial court continued McBride's portion of the case for two days and requested that McBride's lawyers visit her in the hospital to

held on McBride's "Motion for New Trial" based upon her absence from trial and whether her absence was voluntary. McBride chose not to testify. Evidence was presented during the hearing that she had said on the Friday before her Monday absence from court that she was not coming back.

The Fifth Circuit, after noting the federal rule, quoted the Second Circuit case of *Tortora,* 464 F.2d at 1208, for the policy behind the voluntary absence rule:

> The deliberate absence of a defendant who knows that he stands accused in a criminal case and that the trial will begin on a day certain indicates nothing less than an intention to obstruct the orderly processes of justice. No defendant has a unilateral right to set the time or circumstances under which cases will be tried....
>
> Without this obligation on the accused the disposition of criminal cases would be subject to the whims of defendants who could frustrate the speedy satisfaction of justice by absenting themselves from their trials.

*Davis,* 61 F.3d at 302.

The court, in adopting the Second Circuit's position, discussed the procedure to be used in order to continue *in absentia:*

> [I]n deciding whether to proceed ... despite the defendants' absence the [trial] court must determine (1) whether the defendant's absence is knowing and voluntary, and (2) if so, whether the public interest in the need to proceed clearly outweighs that of the voluntarily absent defendant in attending the trial. We review the district court's finding that the defendant's absence is voluntary *for clear error.* The decision to proceed without a voluntarily absent defendant is reviewed for an abuse of discretion.

*Id.* at 302 (citations omitted) (emphasis added). The *Davis* court observed factually, as to the first step:

---

impress upon her the importance of being in attendance at trial and that it would proceed even in her absence.

The record evidence reveals that McBride was depressed and did not wish to face trial and the prospect of a conviction. A defendant cannot disrupt a trial for these reasons. McBride's refusal to attend the trial was knowing and voluntary and constitutes a waiver of her right to be present.

*Id.* at 303.

The contention that a trial court should take evidence or make some inquiry as to a defendant's absence in order to determine whether a defendant voluntarily waived his or her right to be present at trial has been rejected by some courts. In *State v. Galloway,* 16 Kan.App.2d 54, 817 P.2d 1124 (1991), the defendant failed to appear on the last day of his trial. His trial and conviction *in absentia* were upheld. An issue on appeal was that the trial court had found Galloway to be voluntarily absent but had not made "sufficient inquiry as to the circumstances causing the absence." *Id.* at 55, 817 P.2d at 1125. At a post trial hearing on defendant's motion for acquittal or new trial, the defendant asserted he was absent because he had gone to a hospital on the day of trial. There was, however, no evidence in the record that Galloway had gone to the hospital because Galloway failed to notify the court or his attorney of his whereabouts. The trial court denied the defendant's motions.

In discussing the trial court's finding of waiver, the appellate court noted:

[V]oluntary absence can be found when the defendant, released on bond, is not in custody and was not prevented from being present. There does not appear to be any requirement that *the court* inquire as to why the defendant is absent or whether someone has tried to contact or locate the defendant.

*Id.* at 57, 817 P.2d at 1126.

The Oregon Supreme Court in *State v. Harris,* 291 Or. 179, 630 P.2d 332 (1981), also rejected such a contention, stating:

Neither the defendant nor the Court of Appeals has suggested that the trial court had to take *evidence* to afford

a basis for the decision that defendant had voluntarily absented himself. The trial court's decision to proceed was obviously not based upon sworn testimony or other evidence, as such. Rather, it was based upon the trial judge's own knowledge of what had transpired before him, the statements of defendant's counsel, the trial judge's own judicial experience in matters of this kind and, we believe, a certain measure of common sense and judgment.

*Id.* at 185–86, 630 P.2d at 335 (footnote omitted).

*See also Donta v. Commonwealth,* 858 S.W.2d 719, 722 (Ky.Ct.App.1993) ("[A]lthough the commonwealth has the burden [as to voluntariness] ... *it may be inferred that a defendant's absence met this standard where it is shown that such defendant had knowledge of the trial date and failed to appear.*") (emphasis added); *Finklea,* 147 N.J. at 220, 686 A.2d at 327 (rejecting contention that trial court was required to hold a hearing as to the issue of waiver prior to proceeding *in absentia* ).

I believe that the view espoused in these cases is the appropriate course for Maryland. Trial courts should not be burdened with the requirement to take evidence or make some type of inquiry into the defendant's absence. Voluntary absence may be inferred from the defendant's failure to appear for trial if he or she has notice of the time and date of the trial. Once the trial court has found that the defendant voluntarily absented himself or herself from trial, the court should be able, if it chooses, to proceed to try the defendant *in absentia.*

### DEFENDANT'S REMEDY

Although a holding that allows a trial to proceed *in absentia* whenever a criminal defendant is found to have absented himself or herself voluntarily from trial may seem unusual, it is not unconstitutional. Moreover, its effect has been tempered in other jurisdictions by allowing a defendant who was absent from trial to present evidence at a later hearing, either on a motion for mistrial or motion for new trial, or other

appropriate pleading, that his or her absence was not voluntary.

For instance, in *Finklea,* 147 N.J. at 220–21, 686 A.2d at 327, the New Jersey Supreme Court, discussing its court rules and voluntary waiver, stated:

> *Rule* 3:20–2 requires a defendant who wishes to assert that he or she did not waive his or her appearance for trial to make a motion for new trial prior to sentencing. At a hearing on the motion, *a defendant has the burden* to show why the defendant's voluntary absence ... after receiving actual notice ... does not constitute a knowing and voluntary waiver of the right to be present.... Where, as here, ... a defendant ... fails to file the appropriate motion challenging the waiver, the failure to make the appropriate motion ... constitutes a second waiver pursuant to *Rule* 3:16(b). [Some emphasis added.]

*See also Sainz,* 186 Ariz. at 473, 924 P.2d at 477 ("If subsequently discovered facts show that a defendant's absence was not voluntary, then it is error to ignore the reality of the situation and adhere to the limited facts known to the trial court at the time of the defendant's absence."); *Sullens,* 533 Pa. at 106, 619 A.2d at 1353 (Papadakos, J., concurring)("At sentencing, when the defendant appears, if he can establish that he had good cause for his absence at trial, he would be entitled to a new trial."); *People v. Reyna,* 289 Ill.App.3d 835, 838, 225 Ill.Dec. 114, 116, 682 N.E.2d 1191, 1193 (1997)("A defendant who is tried *in absentia* is entitled to a new proceeding if he establishes that his failure to appear was both not his fault and caused by circumstances beyond his control."); *Cruz,* 24 Va.App. at 466, 482 S.E.2d at 886("No prejudice would result to a defendant who was absent as a result of a medical or other unanticipated emergency.... Sentencing would have been stayed ... until he ... was accorded the opportunity to justify his absence from the guilt stage of trial. Upon hearing, if the Court was satisfied that the defendant's absence did not constitute a waiver, a new trial could be ordered.").

## CONCLUSION

The approach I have last illustrated is what I believe to be the better practice given the magnitude of the failure to appear problem.[4] I proffer that the trial courts should be

---

4. I have been unable to obtain any exact statistics relating to the number of Failures to Appear occurring on a state-wide basis in the circuit courts, although I later shall attempt to estimate. Nor have I been able to obtain the number of Failures to Appear that occur in "must appear" traffic cases in the District Court. Nonetheless, even without these figures, the potential magnitude of the problem can be surmised from the number of Failures to Appear reflected in the District Court Criminal Filing and Disposition Statistics for July of 1996 through June of 1997 and by estimating, on a statewide basis, the circuit court figures from available statistics from Wicomico County.

During the period from July 1996 to June 1997, there were 11,661 Failures to Appear in criminal cases out of approximately 170,000 cases heard in the District Court, approximately seven percent. (The statistics may not be perfectly accurate. If a defendant was to stand trial in two cases on the same day two Failures to Appear, one in each case, would be entered.) Additionally, almost certainly, there would be a substantial number of Failures to Appear in District Court "must appear" traffic cases, and also in circuit court criminal cases, where generally penalties are more severe.

As an example of the potential problems at the circuit court level, I have obtained Failure to Appear statistics in Wicomico County. In calendar year 1997, there were 260 Failures to Appear in criminal cases alone in Wicomico County. The 1996–1997 Annual Report of the Judiciary indicates that in the period from 1 July 1996 through 30 June 1997, a total of 1922 criminal cases were filed in that county. For the purpose of estimating, I will presume that calendar year statistics approximate 1996–1997 statistics. If so, in Wicomico County, the Failure to Appear rate was 13.5% of the rate of filings. Interestingly, Wicomico County had more Failures to Appear in 1997(260) than trials in 1996–1997(117). Again, this 13.5% figure as to criminal trials may not include other Failures to Appear. When the 13.5% rate of 1997 Failures to Appear is extended to the 1996–1997 statewide circuit court 69,121 criminal filings, the figure is staggering. We can expect there to be 9,331 Failures to Appear in circuit court criminal cases. Accordingly, one can expect over 20,000 Failures to Appear in the District Courts and circuit courts each year. (9,331 + 11,661 = 20,992).

The majority notes that the substance of this footnote is not apparent from the record in this case. The data discussed in this footnote was obtained from either the Administrative Office of the Courts, the records of the District Court of Maryland, the records of the Clerk of Court for Wicomico County and/or from THE ANNUAL REPORT OF THE MARYLAND JUDICICIARY. Realizing that they were not part of the record below, I have discussed them in a footnote, and consider it appropriate to do so.

permitted to proceed *in absentia* if they can establish from the record that (1) the defendant had actual notice of the time, date, and place of trial; (2) the defendant did not appear at the time, date and place of trial; (3) the trial court knew of no reason, such as inclement weather, why a defendant's absence was involuntary; and (4) the trial court was presented with no evidence that would create an inference that the absence was involuntary. If voluntariness is established, I believe no other inquiry or balancing test is necessary. At that point, the defendant has waived his right to be present and no balancing test can undo, nor should undo, that waiver. Upon a defendant's subsequent appearance, he or she could seek a new trial by filing motions for mistrial, new trial, reconsideration, etc., in which he or she could proffer any evidence relating to voluntariness.

I conclude by noting again that I have no quarrel with the majority's power to create the policy it today establishes. I am, however, compelled to respectfully dissent as I perceive it to be an inappropriate policy, given, what I believe to be, the magnitude of the failure to appear problem in this State.

---

Moreover, we have taken judicial notice of similar facts in the past. For instance, in *In re Diener*, 268 Md. 659, 682, 304 A.2d 587, 599 (1973), *cert. denied sub nom. Broccolino v. Maryland Comm'n on Judicial Disabilities*, 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974), we stated: "We should be closing our eyes to reality were we to fail or refuse to take judicial notice of the fact that the Traffic Division of the Municipal Court, even the Parking Court, was the place where the average citizen was likely to have, if not his first, certainly his most frequent contact with our judicial system." Other courts similarly have taken judicial notice of such facts. *See Renard v. District of Columbia Dep't of Employment Servs.*, 673 A.2d 1274, 1276 (D.C.App.1996) ("The contents of a court's records are readily ascertainable facts, particularly appropriate for judicial notice. Thus, generally, a court may take judicial notice of its own records."(citations omitted)); *District of Columbia v. Howie*, 230 A.2d 715, 718 (D.C.1967) ( "[I]t is common knowledge that the Juvenile Court handles a tremendous number of various proceedings .").